IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HAROLD F. GREENE | * | |
| v. | * | Civil Action No. RDB-07-1065 |
| UNITED STATES OF AMERICA | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-05-0459 |
| HAROLD F. GREENE | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM OPINION</u>

Petitioner Harold F. Greene ("Petitioner" or "Greene") pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) and possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1).  On April 26, 2007, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence (Paper No. 34) pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence (imposed on April 21, 2006, but docketed with the Clerk of the Court on April 26, 2006).  Petitioner's habeas petition asserts four separate grounds for habeas relief: (1) denial of the right to appeal; (2) unknowingly and involuntarily guilty plea; (3) ineffective assistance of counsel; and (4) an unconstitutional sentence.  Also on April 26, 2007, Petitioner filed a Motion for Leave to File Affidavit in Support of Motion Under 28 U.S.C. 2255.  (Paper No. 35.)  More recently, on November 19,

2008, Petitioner filed a Motion to Appoint Counsel.  (Paper No. 42.)

For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is DENIED as to whether (1) Petitioner knowingly and voluntarily pled guilty, (2) Petitioner's counsel provided constitutionally ineffective assistance; and (3) Petitioner's sentence was unconstitutional.  However, this Court will neither grant nor deny the Motion to Vacate, Set Aside, or Correct Sentence with respect to whether Petitioner's right to appeal was violated, choosing instead to withhold ruling on this matter until it conducts an evidentiary hearing.

Petitioner's remaining two motions will both be granted.  Even though this Court does not credit much of Petitioner's supporting affidavit because it is entirely inconsistent with acknowledgments he made during the Rule 11 colloquy, this Court did take time to review the affidavit.  Thus, Petitioner's Motion for Leave to File Affidavit in Support of Motion Under 28 U.S.C. 2255 (Paper No. 35) is GRANTED.  Also, because this Court will conduct a hearing as to whether Petitioner's right to appeal was violated, his Motion to Appoint Counsel (Paper No. 42) is also GRANTED pursuant to Rule 8(c) of the Rules Governing Habeas Corpus Cases.

## BACKGROUND

On September 28, 2005, Petitioner was indicted on charges of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) and possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922 (g)(1).  On February 6, 2006, this Court conducted a motions hearing and denied Petitioner's motions to suppress.  On February 7, 2006, Petitioner entered a plea of guilty to the charge of being in possession of a firearm by a prohibited person.  On April 21, 2006, Petitioner was sentenced to a term of 210 months in

2

prison and three years of supervised release.  The sentence was docketed on April 26, 2006.  On

April 26, 2007, one year later, Petitioner filed his Motion to Vacate, Set Aside or Correct

Sentence pursuant to 28 U.S.C. § 2255.  On June 29, 2008, the Government filed a timely response

and, on August 20, 2008, Petitioner filed a reply.

## DISCUSSION

### A.    Right to Appeal

Petitioner claims that he requested his attorney file an appeal on his behalf, but that such

appeal was not filed.  Petitioner makes this argument despite the fact that he signed a plea

agreement containing a waiver of the right to appeal in the event that his sentence was less than

262 months.  Petitioner's sentence was 210 months.  Thus, the two issues presented by

Petitioner's argument are: (1) the legal question of whether Petitioner had a right to an appeal

despite the waiver provision contained in his plea agreement; and, (2) if Petitioner did have a

right to appeal, the factual question of whether he requested his former attorney to file an appeal.

As to the first issue, in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court of

the United States held that the failure to file a requested notice of appeal is per se ineffective

assistance of counsel, regardless of whether the appeal would have merit.  *Id.* at 483-86.

Applying this holding to facts similar to those presented in this case, the United States Court of

Appeals for the Fourth Circuit held "that an attorney is required to file a notice of appeal when

unequivocally instructed to do so by his client, even if doing so would be contrary to the plea

agreement and harmful to the client's interests."  *United States v. Poindexter*, 492 F.3d 263, 273

(4th Cir. 2007).  In so holding, the *Poindexter* Court adopted the same interpretation of *Flores-*

*Ortega* as the Second, Ninth, Tenth, and Eleventh Circuits.  *Id.* at 272 ("Our decision today is

consistent with the four United States Courts of Appeal that have concluded that an attorney

renders constitutionally ineffective assistance of counsel if he fails to follow his client's

unequivocal instruction to file a notice of appeal even though the defendant may have waived his

right to appeal." (citing *United States v. Campusano*, 442 F.3d 770, 772-77 (2d Cir. 2006);

*United States v. Sandoval-Lopez*, 409 F.3d 1193,1195-99 (9th Cir. 2005); *United States v.*

*Garrett*, 402 F.3d 1262, 1265-67 (10th Cir. 2005); *Gomez-Diaz v. United States*, 433 F.3d 788,

791-94 (11th Cir. 2005))). Therefore, Petitioner's right to appeal is not entirely foreclosed

simply because he agreed to a waiver of appeal provision in the plea agreement.[1]

    As to the second issue, Petitioner claims that "he wanted to appeal his sentence, conveyed

to counsel that he wanted to appeal, and was not counseled regarding the filing of an appeal."

(Petitioner's Mem. 3.) The Government, in response, does not either accept or deny this

contention. Instead, it states that "Government counsel contacted Petitioner's former counsel . . .

regarding Petitioner's allegations, but was told by [former counsel] that he would not confirm or

deny Petitioner's allegation[] until or unless he was placed under oath at a hearing before the

Court." (Gov't's Resp. 2 n.1.) Indeed, in its closing, the Government states that it "recognizes

that Petitioner may be entitled to a hearing in order to resolve the factual questions regarding his

counsel's alleged refusal to file an appeal . . . ." (Gov't's Resp. 11.)

    Therefore, this Court must conduct an evidentiary hearing to determine the merits of

Petitioner's claim that he requested that his former attorney file an appeal. As such, as to

---

[1] The Government's response contains an argument addressing whether or not Petitioner entered into the plea agreement knowingly and voluntarily. As will be discussed more fully below, this Court finds that Petitioner did in fact enter into the plea agreement knowingly and voluntarily. However, the Government does not address whether Petitioner could appeal his sentence even though he knowingly and voluntarily waived the right in the plea agreement.

4

Petitioner's claim that he was denied the right to appeal, Petitioner's Motion to Vacate, Set Aside

or Correct Sentence is neither granted nor denied at this time, with such a determination reserved

until an evidentiary hearing is conducted.  Moreover, because an evidentiary hearing is required,

Petitioner's Motion to Appoint Counsel (Paper No. 42) is GRANTED pursuant to Rule 8(c) of

the Rules Governing Habeas Corpus Cases, which provides that "[i]f an evidentiary hearing is

warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have

counsel appointed under 18 U.S.C. § 3006A."

**B.    Unknowing and Involuntary Guilty Plea**

Petitioner's claim that his guilty plea was unknowing and involuntary is without merit.

The record in this case clearly reflects that this Court complied with the requirements of Rule 11

of the Federal Rules of Criminal Procedure.  This Court made a concerted effort to ensure that

Petitioner understood the nature of the charges to which he was pleading guilty.  Petitioner was

informed that the parties and this Court were ready to proceed to trial and that a pool of potential

jurors were waiting to be empaneled.[2]  (Ex. 1, at 6.)  Petitioner was also informed that if he was

found guilty at trial he could appeal the jury's finding of guilt, as well as this Court's denial of

his motion to suppress.  (*Id.*)  Prior to accepting Petitioner's guilty plea, this Court carefully and

thoroughly questioned Petitioner about his intention to plead guilty.  Petitioner indicated that he:

(1) was satisfied with the representation of his counsel, (*id.*); (2) had not been threatened or

---

[2] Specifically, this Court stated that "[n]ow I want to make sure that you understand that you have the right to continue to plead not guilty to all three of these charges and we are prepared to start today with a jury trial and in fact I made sure that the jury was not sent home in case there was any confusion about this morning and we can have a jury trial, we literally can start it in the next half an hour." (Ex. 1, at 19.)  Petitioner was asked if he understood and he responded "yes, sir." (*Id.*)

forced into pleading guilty (*id.* at 8); (3) understood the potential sentence he was facing (*id.* at 8-9, 11-17); and (4) was waiving his right to appeal if sentenced to 262 months or less (*id.* at 18). It is important to note also that Petitioner, having been placed under oath, acknowledged the facts underlying the basis for his guilty plea. Finally, when asked by the Court if he was pleading guilty freely and because he was in fact guilty, the Petitioner responded "Yes, sir." (*Id.* at 8.)

Petitioner has not made any suggestion in his habeas petition that his guilty plea was not in full compliance with Rule 11, nor has he challenged the above stated facts. The Fourth Circuit has made clear that "conclusory post-plea assertions that his plea was not knowingly and voluntarily . . . fail to overcome the barrier of the sworn statements made at his Rule 11 hearing." *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). Therefore, Petitioner's Motion to Vacate, Set Aside or Correct Sentence is DENIED as to his argument that his plea agreement was entered into knowingly and voluntarily.

**C.    Ineffective Assistance of Counsel**

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong requires a showing that "counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Under the second prong, the petitioner must show "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The Petitioner must therefore demonstrate not only that counsel's deficient conduct had a reasonable probability of affecting the outcome of the proceeding, but that, because of counsel's

6

conduct, the "result of the proceeding was fundamentally unfair or unreliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). Satisfying either prong of the test alone is insufficient. Instead, the petitioner must satisfy both prongs of the *Strickland* test in order to successfully state a claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 687.

In his habeas petition, Petitioner asserts that his counsel was constitutionally ineffective for four separate reasons. As to all but the first reason, the Motion to Vacate, Set Aside or Correct Sentence will be DENIED.

### A.  Failure To File An Appeal

First, Petitioner argues that his counsel was ineffective because he failed to file a notice of appeal after Petitioner requested that he do so. This allegation is a mirror image of the one previously asserted. Therefore, for the same reasons discussed above, this Court will conduct an evidentiary hearing on the matter as a result of the Fourth Circuit's decision in *United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007).

### B.  Guilty Plea

Second, Petitioner claims that his attorney was constitutionally ineffective by advising him to plead guilty, thereby forgoing his right to a jury trial. His entire argument here incorporates by reference the same arguments he previously made with respect to his contention that he unknowingly and involuntarily entered into the plea agreement. As discussed earlier, his argument is without merit. Petitioner freely signed the plea agreement and attested to the undersigned in open court that he had read and carefully reviewed every part of the plea agreement with his attorney, that he understood it, and that he did not wish to change it. In signing the plea agreement, Petitioner acknowledged that he was completely satisfied with the

representation of his attorney.  Thus, this Court finds that Petitioner has not met either prong of the *Strickland* test.

## C.    Failure To Investigate

Third, Petitioner argues that his counsel was constitutionally ineffective because he did not conduct an investigation into the background of Baltimore Police Sgt. William Harris, which he claims would have uncovered evidence to impeach his credibility at the suppression hearing.  Specifically, Petitioner claims that a separate investigation was being conducted as early as January 2006 into the affairs of the Baltimore Police Department's Special Enforcement Team, of which Sgt. Harris was a member.

Initially, this Court notes that the Government disputes Petitioner's contention.  The Government states that "[i]n point in fact, the internal affairs investigation of Sgt. Harris'[s] squad did not begin in January 2006.  Rather, that investigation was of a different squad, in which [another officer] was accused of rape."  (Gov't's Resp. 6.)  At the time of his guilty plea, Petitioner not only admitted to being guilty of the offense to which he plead guilty but stated that the factual basis in support of his guilty plea was correct, which included a summary of Sgt. Harris' testimony given at the suppression hearing.

Moreover, the Constitution does not require that *every* potential litigation strategy be pursued by counsel.  Under *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' . . . There are countless ways to provide effective assistance in any given case." *Strickland*, 466 U.S. at 690.  Counsel for Petitioner acted well within the "wide

8

—

range" acceptable under the Constitution.  At the motions hearing, counsel for Petitioner called eight witnesses.  Several witnesses gave conflicting information as to the facts surrounding the arrest, including contradictory accounts of whether or not Petitioner was playing basketball with his son at the time Sgt. Harris observed the Petitioner get out of the vehicle in which the gun was found.  Partly as a result of this testimony, this Court found Sgt. Harris credible.  Simply because Petitioner was not successful at the motions hearing hardly indicates that counsel was constitutionally ineffective.  Therefore, this Court finds that Petitioner's counsel was not constitutionally ineffective under *Strickland*.

### C.     Unconstitutional Sentence

Finally, Petitioner claims that his counsel was ineffective because he failed to object to Petitioner's not receiving a third point for acceptance of responsibility.  First, the plea agreement signed by Petitioner only provides for a two-point reduction. (Ex. 1, at 14.)  Second, it is only if the Government makes a motion under U.S.S.G. §3E1.1(b) that a third level for acceptance of responsibility can be awarded.  Lastly, over the Government's objection, Petitioner's counsel argued that Petitioner should have received an adjustment to the third level for acceptance of responsibility under *United States v. Booker*, 543 U.S. 220 (2005).  (Ex. 2 at 5-6, 16-18.)  After hearing from both parties, the Court denied the request.  (*Id* at 18-19.)  Yet again, Petitioner's argument fails under *Strickland*.

### D.     Claim that Petitioner's Sentence Violated the Constitution

Petitioner was sentenced to a term of imprisonment of 210 months.  (Ex.2 at 31.) Petitioner, at the time of sentencing, conceded that he was an armed career criminal and as such was facing a minimum sentence of 15 years and a maximum of life. 18 U.S.C. § 924(e).

Moreover, in his brief, Petitioner "concedes that [Supreme Court and Fourth Circuit] law prohibits a challenge to his prior convictions." (Petitioner's Mem. 15.)  Because his sentence of 210 months is less than the maximum he could have received and was within the guideline range of 210-260 months, it did not violate *Booker*, nor is it presumptively unreasonable.  *Rita v. United* States, 127 S. Ct. 2456, 2466 (2007).

## CONCLUSION

Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED as to the last three arguments, i.e. unknowingly and involuntarily guilty plea, ineffective assistance of counsel, and an unconstitutional sentence.  As to the first argument, i.e. denial of the right to appeal, this Court will withhold ruling on Petitioner's claim until it conducts an evidentiary hearing on the matter. Additionally, Petitioner's Motion for Leave to File Affidavit in Support of Motion Under 28 U.S.C. 2255 (Paper No. 35) and his Motion to Appoint Counsel (Paper No. 42) are both GRANTED.  A separate Order follows.

January 28, 2009

_____
Richard D. Bennett
United States District Judge